From: The District Court of the Fourth Judicial District. County of Missoula.

STATE OF MONTANA, Plaintiff, vs. LEONARD PETE LAMPING, Defendant.

NO. 3665/7

DECISION

The application of the above-named defendant for a review of the sentence of Two years with 17 days jail time credit for Grand Larceny, imposed on February 5, 1970, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that the sentence imposed was not proper, reasonable and quite lenient. It is to be considered that although defendant may have no prior felony record he does have a record of lesser criminal activity, and that while the possible punishment for the crime involved is 14 years imprisonment, defendant did receive but 2 years and will be eligible for parole in June, 1970, after being received February 7, 1970.

DATED this 14th day of April, 1970.

SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Twelfth Judicial District. County of Blaine.

STATE OF MONTANA, Plaintiff, vs. THOMAS BURCHARD, Defendant.

NO. 866

DECISION

The application of the above-named defendant for a review of the sentence of Three years for Receiving Stolen Property with 15 days jail time credit, imposed on November 26, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

This crime may be punished by imprisonment for five years. The defendant has a record of one prior felony conviction upon which he originally received a deferred imposition of sentence and was only sentenced after violation of the terms of the deferred imposition of sentence. If the prior conviction had been used against him, defendant's sentence might have been up to ten years imprisonment. Also, defendant will be eligible for parole consideration on May, 1970, after being received December 1, 1969. Considering these matters and the presumption that the sentencing judge was correct in his determination, we are unable to say that the sentence was not proper, reasonable, and quite lenient in all respects.

Any contention of the defendant that the sentencing judge was disqualified or that the defendant was not guilty are beyond the power of this Court to consider. The Court's power is limited to, "* * * review the judgment so far as it relates to the sentence imposed * * *." Section 95-2503, R.C.M.1947.

We thank John D. Alexander, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 14th day of April, 1970.

SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.